TRACY vs. TUYES & AL.

When communication is made to a party months before trial, that a document will be introduced & relied on in defence,—he cannot object that he was surprised by its introduction.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petition states that the defendants received from one Henry Stark a quantity of goods to sell on commission, the proceeds of which they were directed to pay over to the

plaintiff, and tho' often requested they have
refused to do so.

The defendants pleaded the general issue, and further averred that the funds of Stark in their hands, had been attached in Tampico, at the suit of Curell, Lesassier & co.

The suit at Tampico was in the name of Harrison, Brown & co., not Curell, Lesassier & co., and on the defendants offering the record in evidence, it was objected, that it did not correspond with the allegation in the answer, and could not be received. Whereupon the defendants offered to prove, that the suit tho' nominally by Harrison, Brown & co., was instituted by them for the use and benefit of Curell, Lesassier & co.; and they further proved that the record offered in evidence had been communicated to the plaintiff's counsel seven or eight months before, with a declaration from the attorney of defendants, at the time the communication was made, that it would be relied on in defence of this suit. The court refused to admit proof of the action having been brought for the use of the persons named in the answer; and notwithstanding the evidence of the record having been communicated to the plaintiff's counsel, rejected the transcript. The defendants excepted.

Eastern Dist
*January* 1829

TRACY
*vs.*
TUYES & AL

It has been decided in the cases of *Ralston* vs. *Barclay & co.* and *Ory* vs. *Winter,* that when a perfect knowledge was shewn on the part of the party opposing the introduction of evidence, that it would be introduced and relied on, he could not successfully resist it, on the ground that it was contrary to the allegation in the pleadings. We cannot in any respect satisfactorily distinguish these cases from that before us, and the cause must be remanded. We think the doctrine established by those decisions, a salutary one. The more judicial proceedings can be simplyfied, and freed from technicality, the better the ends of justice are promoted. The object of the rule invoked by the appellee was to prevent parties being surprised at the trial, by testimony of which the pleadings afforded no warning.— But when notice is given of the particular defence to be relied on, and the testimony too which will support it, the case forms an exception, and does not come within the reason on which the rule was established. The argument urged in this case, of the information furnished by the appellant, not having put the appellee on his guard, because he knew the paper could not be introduced under the

pleadings, would prevent the doctrine estab-
lished by this court from applying in any case.
He ought to have known that when he had
such previous notice of it as enabled him to
meet it, that it could be given in evidence.—**6**
*Martin* **649**, *vol.* **4, 277.**

It has been contended that even admitting
the record could be read in evidence, on the
ground just stated, it was still inadmissible be-
cause it did not shew such proceedings in
Mexico, as would authorise the court sustain-
ing the defence set up. This objection is to
the effect of the instrument, not to its legality
as evidence, and the influence these considera-
tions should have on the final decision of the
case, can only be decided in this tribunal, after
a trial has been had in the court below, on all
the legal evidence there offered.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court below
be annulled, avoided and reversed ; and
it is further ordered, adjudged and decreed,
that this cause be remanded, with directions to
the judge *a quo*, not to reject the record of a
suit in Mexico by Harrison, Brown & co. vs.
Henry Stark ; and it is further ordered, that
the appellee pay the costs of this appeal.

Eastern Dist,    *Ripley & Conrad* for the plaintiff—*Eustis*
January 1829
for the defendants.